# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL L. WILKINS,<br><br>   Plaintiff,<br><br> v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>   Defendant.<br>_____/ | CASE NO. 1:09-cv-00874-SMS<br><br>ORDER REVERSING AGENCY'S DETERMINATION TO DENY BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS |

  Plaintiff Darrell L. Wilkins, Sr., by his attorneys, Law Offices of Lawrence D. Rohlfing, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act (42 U.S.C. § 301 *et seq.*) and for supplemental security income ("SSI"), pursuant to Title XVI of the Social Security Act (42 U.S.C. § 301 *et seq.*) (the "Act"). The matter is currently before the Court on the parties' cross-briefs, which were submitted, without oral argument, to the Honorable Sandra M. Snyder, United States Magistrate Judge.[1]

  Plaintiff contends only that the ALJ committed reversible error at step five of the disability analysis when he failed to propound a hypothetical including Plaintiff's specific limitations. The Commissioners responds that the error was harmless. Having reviewed the

///

---

[1] Both parties consented to the jurisdiction of a United States Magistrate Judge (Docs. 9 and 10).

record as a whole and applicable law, this Court reverses the agency's determination and remands for additional proceedings consistent with this opinion.

I.   **Administrative Record**

   A.   **Procedural History**

On July 3, 2006, Plaintiff filed protectively for disability insurance benefits, alleging disability beginning June 4, 2006. AR 13. His claim was initially denied on August 25, 2006, and upon reconsideration, on June 15, 2007. AR 13. On May 15, 2007, Plaintiff filed a timely request for a hearing. AR 13. Plaintiff appeared and testified at a hearing on March 28, 2008. AR 422-466. On November 21, 2008, Administrative Law Judge Michael J. Haubner ("ALJ") denied Plaintiff's application. AR 13-21. The Appeals Council denied review on March 11, 2009. AR 2-4. On May 7, 2009, Plaintiff filed a complaint seeking this Court's review (Doc. 2).

   B.   **Factual Background**

Plaintiff (born September 12, 1961) worked as an oil field roustabout[2] and as a semi-truck driver who loaded and hauled produce. AR 77, 113-116. Plaintiff's disability arose after he was injured in a fight on June 3, 2006, and ultimately experienced a cervical spinal fusion on June 12, 2006.[3] AR 78. Contributing factors to his alleged disability included significant residual symptoms resulting from the cervical fusion; moderate right ulnar nerve entrapment; moderate active, and moderate to severe chronic, denervation in his right arm; mild right carpal tunnel syndrome; depression; and anxiety. AR 78. Plaintiff is right-handed. AR 437. The May 2, 2008, report of the agency's consulting neurologist, Gregorio Pineda, M.D., noted significant and visible atrophy of Plaintiff's right arm. AR 130-131. In a disability report date January 17, 2007, Plaintiff reported difficulty caring for his own needs due to pain. AR 102. In January 2008, Plaintiff experienced auditory hallucinations and threatened homicide and suicide. AR 153-156.

///

---

[2] An oilfield roustabout is a pipeline welder's helper, grinding and buffing welds, lifting pipes up to 200 pounds, belting flanges, and tightening bolts to as much as 300 pounds torque. AR 114.

[3] The record does not clearly indicate whether the cervical spine deficiencies were caused by the fight or whether they were merely discovered in the course of treating the head injury incurred in the fight.

At the administrative hearing on March 28, 2008, Plaintiff testified that he was able to lift three or four pounds; could stand for about ten minutes at a time; could sit for thirty minutes at a time; could walk about a block and a half before becoming dizzy; rested about four hours daily; could concentrate for thirty to forty minutes at a time; and could hold something such as a coffee cup with his right hand for about one minute.[4]  AR 435-438.

Vocational expert Judith Nazarian testified that because Plaintiff's past work as a truck driver included loading and unloading the truck, the job included two different DOT classifications.  AR 442-443.  Driving the truck is classified as medium exertion and level 4 (semi-skilled).  AR 443.  Loading and unloading the truck, or working as a truck driver's helper, is classified as very heavy and unskilled.  AR 443.   Plaintiff's prior work as a roustabout is classified as a construction laborer, very heavy exertion and unskilled work.  AR 443.  Truck driving would have given Plaintiff such skills as driving, observing road regulations, keeping and maintaining a log, and observing safety rules, which would be transferable to other driving jobs. AR 443-444.

The ALJ directed Nazarian to assume, for each of the hypothetical questions, a right-hand-dominant individual of the same age, education, language, and experience as Plaintiff.  AR 444. For the first hypothetical question, Nazarian was directed to assume that the individual could lift and carry twenty pounds occasionally and ten pounds frequently; could sit, stand and walk six hours out of eight; had an unlimited ability to push and pull; could occasionally climb ramps and stairs; could never climb ladders, ropes, and scaffolds; could occasionally balance or crawl; could frequently stoop, kneel, and crouch; but could not reach above shoulder level.  AR 444.  Nazarian opined that this person could not perform Plaintiff's prior work.  AR 444.  This person could perform light, unskilled jobs such as a bottle capper, a production assembler, or a parking lot attendant.  AR 444-445.  All three jobs are available in significant numbers in California.  AR 445.

///

---

[4]  Plaintiff testified that he would not even try to hold something with his right hand if it were "hot or something."  AR 437.

3

For the second hypothetical question, the ALJ directed Nazarian to assume that the individual could lift and carry ten pounds occasionally and ten pounds frequently; could sit, stand and walk six hours out of eight; had an unlimited ability to push and pull; could occasionally climb ramps and stairs; could never climb ladders, ropes, and scaffolds; could occasionally balance; could frequently stoop, kneel, crawl, and crouch; should avoid reaching above shoulder level; and has intact manipulative functions at the light exertion level.  AR 445.  According to Nazarian, this person could not perform Plaintiff's prior work, but could perform the same light, unskilled jobs listed in hypothetical one.  AR 445-446.

For hypothetical question three, the ALJ directed Nazarian to consider an individual who had some difficulty with complex or detailed tasks.  AR 446.  Nazarian opined that this person could not do Plaintiff's prior truck driving job but could perform the full range of unskilled work at all exertional levels.  AR 446.  The ALJ could apply the grids.  AR 446.

If the restrictions of hypothetical three were combined with those of hypothetical one (hypothetical 3A), the result is the same as hypothetical one.  AR 446.  If the restrictions of hypothetical three were combined with those of hypothetical two (hypothetical 3B), the result is the same as hypothetical two.  AR 446.

Hypothetical question four was based on Plaintiff's testimony: an individual who could lift and carry three to four pounds; could stand ten minutes at a time; could sit thirty minutes at a time; could walk one and a half blocks at a time; needed to rest or elevate their feet four hours out of eight; could grip or grasp something for one minute at a time followed by thirty second's rest. AR 446-447.  Nazarian opined that such a person could neither do Plaintiff's prior work nor any other work.  AR 347.

Plaintiff's attorney then asked Nazarian whether, if the hypothetical person had a thirty to forty per cent compromise of his concentration, persistence, and pace in addition to the various disabilities noted in the prior hypothetical questions, he would be able to perform any job available in the economy.  AR 464. Nazarian answered, "No."  AR 464.

Finally, Plaintiff's attorney asked Nazarian whether, if the hypothetical person was only occasionally able to use his right arm in addition to the disabilities specified in each of the prior

1 hypothetical questions, he would be able to perform any job available in the economy. AR 465.
2 Nazarian again answered, "No." AR 465.

## II. Legal Standards

To qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must demonstrate a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering age, education, and work experience, engage in any other substantial gainful work existing in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

To encourage uniformity in decision making, the Commissioner has promulgated regulations prescribing a five-step sequential process for evaluating an alleged disability. 20 C.F.R. §§ 404.1520 (a)-(f); 416.920 (a)-(f). The process requires consideration of the following questions:

Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? Is do, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n. 5 (9th Cir. 1995).

The ALJ found that Plaintiff had not engaged in substantial gainful activity since June 4, 2006, the alleged onset date. AR 15. He was insured through June 30, 2008. AR 15. Plaintiff had multiple severe impairments: alcohol abuse; bipolar disorder, rule out depression; personality disorder; malingering; hypertension; early degenerative changes, left hip; status post cervical

spinal fusion and degenerative changes; status post head injury; and cervical radiculopathy.  AR 15.  Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart F, Appendix 1 (20 C.F.R. §§ 404.1525, 404.1526; 416.925, and 416.926).  AR 17.  The ALJ found that Plaintiff had the residual functional capacity to lift and carry twenty pounds occasionally and ten pounds frequently; to stand, walk, and sit for six hours in an eight-hour day; to occasionally push and pull with his right upper extremity; to climb ramps and stairs; to balance; but never to climb ladders, ropes, or scaffolds.  AR 17.  Plaintiff also may have "some difficulty performing complex and detailed tasks."  AR 17.  Plaintiff was unable to perform any past relevant work.  AR 20.  Application of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P. Appendix 2, supported a finding that Plaintiff's acquired work skills were transferable to other occupations with jobs existing in significant numbers in the national economy.  AR 20.  Accordingly, the ALJ concluded that Plaintiff was not disabled.  AR 21.

### III.    Scope of Review

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, a court must determine whether substantial evidence supports the Commissioner's decision.  42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla" (*Richardson v. Perales*, 402 U.S. 389, 402 (1971)), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's decision.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the proper legal standards.  *See, e.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the ALJ's determination that the claimant is not disabled if the ALJ applied the proper legal standards, and if the ALJ's findings are supported by substantial evidence.  *See Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509, 510 (9th Cir. 1987).

### IV. Adequacy of Hypothetical Questions

Plaintiff contends that the ALJ committed reversible error by failing to propound a hypothetical question for the vocational expert that included the restriction of Plaintiff's use of his right arm for pushing and pulling. The agency concedes that Plaintiff's contention is factually correct, but contends that the error was harmless. The Court first notes that the hypothetical questions not only omitted Plaintiff's limitations in pushing and pulling with his right arm, they assumed unlimited pushing and pulling. Ultimately, it concludes that, because the ALJ failed to craft hypothetical questions including all of Plaintiff's limitations, the vocational expert's opinion does not qualify as substantial evidence, and the agency's denial of benefits cannot stand.

When a claimant proves that he or she cannot return to his or her previous job, the burden of proof shifts to the Commissioner, who must demonstrate that the claimant can perform other work. *Gamer v. Secretary of Health and Human Services*, 815 F.2d 1275, 1278 (9th Cir. 1987). The Commissioner meets his or her burden by posing hypothetical questions to a vocational expert. *Id.* at 1279-80. "The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the record." *Desrosiers v. Secretary of Heath and Human Services*, 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring). *See also Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001); *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996); *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989). To qualify as substantial evidence, the vocational expert's testimony must be reliable in light of medical evidence presented in the case. *Kornock v. Harris*, 648 F.2d 525, 527 (9th Cir. 1980). A vocational expert's testimony "is valuable only to the extent that it is supported by medical evidence." *Sample v. Schweiker*, 694 F.2d 639, 644 (9th Cir. 1982).

The hypothetical questions must include *all* of the claimant's limitations and restrictions. *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993); *Magallanes*, 881 F.2d at 756; *Gamer*, 815 F.2d at 1280; *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). "[A]n ALJ is not free to disregard properly supported limitations." *Robbins v. Social Security Administration*, 466 F.3d 880, 886 (9th Cir. 2006). Because the ALJ omitted Plaintiff's limitations on pushing and pulling, the hypothetical questions did not set out all of Plaintiff's limitations and restrictions, (*see Embrey*

7

*v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)) and was not "accurate, detailed and supported by the medical record." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).

Because the ALJ omitted Plaintiff's pushing and pulling limitations from the hypothetical questions, Nazarian's opinion cannot qualify as substantial evidence. *Id.* at 1098. "If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Matthews*, 10 F.3d at 680. This means that the Commissioner failed to meet his burden of proof at step five of the analysis, and that the error cannot be deemed harmless. *Id.*

As a result, this Court must reverse and remand for hypothetical questions that accurately reflect Plaintiff's residual functional capacity. *Andrews v. Shalala*, 53 F.3d 1035, 1044 (9th Cir. 1995). *See also Hartman v. Commissioner of Social Security Administration*, 291 Fed.Appx. 818, 819 (9th Cir. 2008); *Davidson v. Commissioner of Social Security Administration*, 191 Fed.Appx. 559, 562 (9th Cir. 2006); *Wick v. Barnhart*, 173 Fed.Appx. 597, 601 (9th Cir. 2006); *Coleman v. Barnhart*, 92 Fed.Appx. 454. 456 (9th Cir. 2004); *Paden v. Barnhart*, 92 Fed.Appx. 465, 468 (2004); *Pilson v. Barnhart*, 75 Fed.Appx. 681, 682 (9th Cir. 2003); *Rhoades v. Barnhart*, 64 Fed.Appx. 76, 78-79 (9th Cir. 2003); *Seher v. Commissioner of Social Security*, 2007 WL 1851675 (9th Cir. June 27, 2007) (No. 05-15925).

## V.  **Conclusion and Order**

The ALJ's failure to include all Plaintiff's limitations in the hypothetical questions posed to vocational expert Nazarian prevented her opinion from being substantial evidence.

Accordingly, this Court hereby REVERSES the agency's determination and REMANDS for further testimony that includes Plaintiff's limitations in pushing and pulling.

IT IS SO ORDERED.

**Dated:     September 24, 2010                    /s/ Sandra M. Snyder**
                                                              UNITED STATES MAGISTRATE JUDGE